JOHN F. LAHM, JR., PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PENSIONS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 19, 1970—Decided November 13, 1970.

Before Judges SULLIVAN, COLLESTER and LABRECQUE.

*Mr. Richard J. Sauerwein* argued the cause for appellant (*Mr. John D. Leslie, Jr.,* attorney).

*Miss Prudence H. Bisbee,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey).

The opinion of the court was delivered by

LABRECQUE, J. A. D. Plaintiff John F. Lahm, Jr. appeals from a final determination of the Division of Pensions in the Department of the Treasury (Division) holding that he was not eligible for accidental disability retirement.

On March 29, 1965 plaintiff, a custodian employed by the Verona Board of Education (board), fell from a stepladder, striking his back against a row of wooden auditorium chairs. Although he sought treatment that same day from

his family doctor, it was not discovered until April 6, 1965 that he had sustained a compression fracture of the lumbar vertebrae. His injury involved damage to the spinal cord and has resulted in permanent paraparesis (paralysis of the lower extremities). He subsequently filed a petition in the Division of Workmen's Compensation and was awarded a judgment on October 2, 1968 finding him totally and permanently disabled and awarding him 77 weeks of temporary disability at $45 a week and 450 weeks of permanent disability at the same rate. A rider attached to the judgment provided that payments were to continue beyond the 450-week period subject to such physical or educational rehabilitation as might be ordered by the Rehabilitation Commission. Liability for future medical expenses was also ordered.

Plaintiff also instituted a separate action for malpractice against the physician who had treated him following his fall. On October 3, 1969, during the course of trial, that case was settled for $85,000. On the same day an order was entered in the Division of Workmen's Compensation modifying the previous judgment to the extent that: (1) respondent board of education, through its carrier, agreed to be responsible for all authorized medical bills incurred by plaintiff up to October 3, 1969; (2) it agreed to waive its right to reimbursement under *N. J. S. A.* 34:15–40 for medical expenses and compensation benefits paid to that date (amounting to approximately $30,000), and (3) further payment of compensation benefits (including future medical expenses) was suspended "until a credit of $60,000 had been completely utilized by the petitioner at the rate of $45 per week in respect to compensation benefits and for the aggregate sum of any medical expenses incurred by him for treatment of causally related conditions." The order further provided that when and if plaintiff exhausted the $60,000 credit, the board and its carrier should "reassume liability" for compensation benefits and payment of medical expenses in the same manner as set forth in the original judgment dated October 2, 1968.

Thereafter, on December 4, 1969 plaintiff made application to the Teachers' Pension and Annuity Fund for accidental disability retirement on the ground that he had become totally and permanently disabled as the result of his accident. On February 2, 1970 he was advised by letter that his application could not be accepted because he was receiving workmen's compensation benefits and hence not eligible to apply for retirement until his workmen's compensation benefits had "terminated." At the same time the board was notified of its obligation to assume liability for the continued payment of his contributions to the Teachers' Pension and Annuity Fund. His request for a formal hearing was subsequently denied by the board of trustees and he appeals.

*N. J. S. A.* 18A:66–32.1, on which the Division based its denial of plaintiff's application, provides as follows:

a. If any member of the retirement system receives periodic benefits payable under the workmen's compensation law during the course of his active service, in lieu of his normal compensation, his regular salary deductions shall be paid to the retirement system by his employer. Such payments shall be computed at the full rate of contribution on the base salary subject to the retirement system, just prior to the receipt of the workmen's compensation benefits. The moneys paid by the employer shall be credited to the member's account in the annuity savings fund and shall be treated as employee contributions for all purposes. The employer will terminate the payment of these moneys when the periodic benefits payable under the workmen's compensation law are terminated.

The member for whom the employer is making such payments, will be considered as if he were in the active service and shall be permitted to continue to make contributions to purchase the additional death benefit coverage provided by section 18A:66–53.

b. *No application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the workmen's compensation law.* [Emphasis added]

*N. J. S. A.* 34:15–40, covering the right of employers and their carriers to reimbursement from third parties, provides, in part, as follows:

(a) The obligation of the employer or his insurance carrier under this statute to make compensation payments shall continue until the payment, if any, by such third person or his insurance carrier is made.

(b) *If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability* and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

(c) If the sum recovered by the employee or his dependents as aforesaid is *less* than the liability of the employer or his insurance carrier under this statute, *the employer or his insurance carrier shall be liable for the difference,* plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents as exceeds the amount of such difference plus such employee's expenses of suit and attorney's fee. [Emphasis added]

In *Schmidt v. Revolvator Co.,* 46 *N. J. Super.* 232 (Cty. Ct. 1957), it was held that *N. J. S. A.* 34:15–40 was not applicable in malpractice cases where the settlement received by the injured party was for injury subsequent to and independent of the injury for which compensation was awarded. Compare *Bello v. Comm'r of Dept. of Labor and Industry,* 56 *N. J.* 41, 45–50 (1970). We are told that the failure of the board's carrier to seek reimbursement out of the third-party settlement for some $30,000 it had already paid in benefits and medical expenses, and the agreement to modify the compensation judgment, were the result of efforts to compromise the issue posed by the decision in *Schmidt.*

The issue before us is a narrow one. Plaintiff contends that, since the order of October 3, 1969 modifying his compensation judgment, he has been receiving no "periodic benefits" under the Workmen's Compensation Act. On behalf of the Division it is contended that plaintiff is currently receiving the equivalent of periodic payments of

compensation and will not be eligible for retirement until *termination* of his employer's liability to payment of compensation.

Plaintiff was 21 years old at the time of his accident. The facts as to his physical condition are not in dispute. His lower extremities are paralyzed, he lacks control of bladder and bowel functions and is confined to a wheelchair. The prospect is that he will be so confined for the rest of his life. The Division determined that he will not be entitled to retire until his right to compensation benefits "terminates." Since workmen's compensation benefits continue indefinitely beyond the initial 450 weeks, by virtue of the decision below the time for his retirement will never come!

We incline to the view that the Legislature, in enacting *N. J. S. A.* 18A:66–32.1(b), never intended to preclude a retirement for disability under the circumstances here present. *N. J. S. A.* 18A:66–32.1(b) had its inception in *L.* 1966, *c.* 218, § 22. Prior to that time it had been held that, with certain exceptions not here relevant, a public employee receiving workmen's compensation payments for physical disability which arose out of and in the course of his employment with the municipality might not also receive a pension. *DeLorenzo v. Newark,* 134 *N. J. L.* 7 (E. & A. 1946). Compare *Eckert v. New Jersey State Highway Dept.,* 1 *N. J.* 474 (1949); *In re Smith,* 108 *N. J. Super.* 315 (App. Div. 1970). As noted, the statute precludes, not the receipt of pension payments, but the approval of an application for a pension while the applicant is in receipt of periodic benefits under the Workmen's Compensation Act. It is the essence of the scheme of the Workmen's Compensation Act that compensation payments are in lieu of wages and are to be received by the injured employee in the same manner in which wages are ordinarily paid. *N. J. S. A.* 34:15–25; *Verra v. Mayor, etc. of Hoboken,* 70 *N. J. Super.* 422, 426 (App. Div. 1961). The "periodic benefits" referred to here mean no more than the

weekly payments of compensation payable to an injured employee under the Workmen's Compensation Act.

Prior to the enactment of *N. J. S. A.* 18A:66–32.1(b) the Workmen's Compensation Act had contained a provision, now *N. J. S. A.* 34:15–43, withholding benefits normally available to public employees under the act from such of them as were in receipt of benefits under an accident disability retirement pension by reason of the same employment and disabling injuries. That section has been strictly construed and in *Swan v. Bd. of Trustees of Teachers' Pension Fund,* 85 *N. J. Super.* 226, 231 (App. Div. 1964), it was held that its obvious intent was to bar a workmen's compensation claim against the employer when a disability pension had been accepted for the same accident. We are convinced that here the statutory intent was to preclude a pension award while the employee was receiving or entitled to receive periodic compensation benefits for the same accident.

█ Plaintiff asserts, and we agree, that he is no longer receiving "periodic benefits" under the Workmen's Compensation Act. The monies received in settlement of his third-party suit did not constitute such periodic benefits, but represented damages to which he was entitled for the injury he sustained by reason of the doctor's malpractice. Since, under the modifying order, he was not required to reimburse his employer's carrier, those monies (in one lump sum) were his to do with as he pleased. The rationale underlying the cessation of compensation payments when there is a recovery against a third-party defendant is not that the third-party defendant has assumed payment of the compensation benefits which would otherwise be due the employee from his employer but, rather, that the employer, through its carrier, has ceased to be liable to payment of such benefits, except to the extent that they may exceed the amount of the third-party recovery, after allowance for counsel fees and costs. Here, at the $45 per week provided in the order modifying the judgment, the likelihood that the

weekly compensation payments would be resumed by the employer's carrier within 25 years was practically non-existent. If the $60,000 were further reduced by payments of $300 annually for medical expenses, the foregoing time would be lessened by about three years. During this interim the board would be required to assume and continue the contributions normally due from plaintiff to the Teachers' Pension and Annuity Fund — contributions towards the retirement to which he was already entitled but for the possibility of payments of compensation at the end of 25 years — and which he was destined never to enjoy.

We hold that, in the context of the facts before us, since defendant was not in receipt of "periodic benefits" under the Workmen's Compensation Act within the intendment of the statute, his petition for accidental disability retirement should have been granted. His retirement would not have precluded his entitlement to such future medical, surgical and hospital services as were required to be furnished by his employer under the Workmen's Compensation Act, N. J. S. A. 34:15–43. *Detlefs v. Westfield,* 104 *N. J. Super.* 447, 451–452 (App. Div. 1969).

Reversed and remanded for further proceedings in accordance with this opinion.